NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE: HOLLY BROWN, KEN NOVAK, KIM GOELLNER,
*Appellants*

---

2015-1852

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 09/795,210.

---

Decided: April 22, 2016

---

MARK D. KLINKO, Fay Sharpe, LLP, Cleveland, OH, for appellants.

THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Michelle K. Lee. Also represented by BENJAMIN T. HICKMAN, COKE STEWART.

---

Before PROST, *Chief Judge,* MOORE, and STOLL, *Circuit Judges.*

PER CURIAM.

Holly Brown, Ken Novak, and Kim Goellner (collectively, "Brown") appeal from the Patent Trial and Appeal

Board's ("Board") decision holding claims 1–5, 7–9, 17, 18, and 20–22 of U.S. Patent Application No. 09/795,210 unpatentable under 35 U.S.C. § 101. Because the asserted claims cover only abstract ideas coupled with routine and conventional hair-cutting steps, we *affirm*.

BACKGROUND

The '210 application claims methods of cutting hair. The specification indicates that an object of the invention is to produce "consistent and reproducible hair styling designs" while "balancing head shape overall." J.A. 14, 19. Claim 1 is representative of the claimed subject matter, which recites:

1. A method of cutting hair comprising;

> a) defining a head shape as one of balanced, horizontal oblong or vertical oblong by determining the greater distance between a first distance between a fringe point and a low point of the head and a second distance between the low point of the head and the occipital bone;
>
> b) designating the head into at least three partial zones;
>
> c) identifying at least three hair patterns;
>
> d) assigning at least one of said at least three hair patterns to each of the said partial zones to either build weight or remove weight in at least two of said partial zones; and
>
> e) using scissors to cut hair according to said assigned hair pattern in each of the said partial zones.

The specification provides an example of how to implement the claimed steps: if a client has a vertical oblong head shape, a hairstyle should be identified and assigned to partial zones on the sides of the head to build weight, and a second hairstyle should be identified and assigned to the top of the head to remove weight. J.A. 19. The specification teaches that practicing this method "effectively allocates hair weight in opposition to head shape." J.A. 15. It discloses that the hair patterns used to build or remove weight are known in the art. J.A. 13, 15.

Brown first appealed the examiner's § 101 rejections in 2011, which the Board affirmed in 2012. Brown then petitioned to amend the claims to specify the use of scissors in step (e), resulting in claim 1 as provided above. The examiner again rejected the amended claims under § 101, and in 2015, the Board affirmed that the claims are drawn to patent-ineligible subject matter. Brown appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's determination of patent-ineligible subject matter de novo. *In re Ferguson*, 558 F.3d 1359, 1363 (Fed. Cir. 2009). To determine whether claims are directed to patent-ineligible abstract ideas, we apply the two-step test introduced in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289, 1296–98 (2012), and further explained in *Alice Corp. Party v. CLS Bank International*, 134 S. Ct. 2347, 2355 (2014). First, we "determine whether the claims at issue are directed to a patent-ineligible concept." *Alice*, 134 S. Ct. at 2355. If so, we then "examine the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 2357. We examine the elements of each claim both individually and as an

ordered combination. *Id.* at 2355. To transform an abstract idea into a patent-eligible concept, the claims must recite "more than simply stating the abstract idea while adding the words 'apply it.'" *Id.* at 2357 (quoting *Mayo*, 132 S. Ct. at 1294 (internal alterations omitted)).

At *Mayo/Alice* step one, the claims are drawn to the abstract idea of assigning hair designs to balance head shape. We agree with the Board's determination that the central purpose of the claimed method is the process before cutting, and that the hair-cutting step constitutes "insignificant post-solution activity." *Ex parte Brown*, No. 2014-004390, at 4 (P.T.A.B. Apr. 8, 2015). Brown themselves state the object of the invention, providing a "consistent and repeatable hair cut," is "achieved through the recited steps of defining a head shape, designating zones, and assigning patterns to zones." Appellants' Br. 15–16. They do not dispute that the hair cutting step "employs a well-known concept," *id.* at 17, or that the hair patterns applied are "industry recognized," *id.* at 7. They further suggest the inventive portion of the claims stem from steps (a) and (d), defining a head shape and assigning hair patterns to partial zones.

Brown argues the claims are not directed to an abstract idea because steps (a), (b), and (e)—defining a head shape, designating the head, and using scissors—require physical manipulation. While step (a) provides instructions on how to define head shape, it does not recite instructions for one to physically measure a head. Nowhere in the specification does it indicate or suggest this step must be performed physically, or what instrument could be used. The head shapes depicted in Figure 2 of the '210 application, of which "horizontal oblong" and "vertical oblong" head shapes are respectively shown below, instead suggest one would perform step (a) visually. J.A. 28 at Fig. 2 (excerpted); *see also* J.A. 16 ("Figure 2 represents schematic views of the head depicting head

shape[.]").



Step (b) is similarly not confined to physically designating the head into partial zones. The limitations are drafted so broadly to encompass the mere idea of applying different known hair styles to balance one's head. Identifying head shape and applying hair designs accordingly is an abstract idea capable, as the Board notes, of being performed entirely in one's mind. These steps constitute an abstract idea. And the final step, step (e), is to use scissors to cut the hair after you determine the appropriate hair style. Step (e) does not transform this abstract idea into patent-eligible subject matter.

Much of Brown's briefing focuses on the use of scissors in step (e) to transform the abstract idea into a patent-eligible concept. They argue the hair cutting step in step (e) is a meaningful and necessary limitation, and that the scissors used in that step render the claims patent eligible under the machine-or-transformation test. While it is true that a hair cut would not result without practicing the final step of cutting hair, step (e) merely instructs one to apply the abstract idea discussed above with scissors. Such a limitation is not the type of additional feature *Alice* envisioned as imparting patent eligibility. *See Alice*, 134 S. Ct. at 2358 ("Stating an abstract idea while adding the words 'apply it' is not enough for patent eligibility.") (quoting *Mayo*, 132 S. Ct. at 1294 (internal quotation marks omitted)). We hold that step

(e), using scissors to cut hair, is insignificant post-solution activity. Steps (a)–(d) teach the stylist how to choose the hair style, step (e) amounts to "apply it." These claims are not eligible for patentability under *Mayo/Alice*.

We have considered Brown's remaining arguments and they are without merit.

CONCLUSION

For the foregoing reasons, the judgment of the Board is *affirmed*.

**AFFIRMED**